UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHARELL R. JAMES | CIVIL ACTION NO. 6:17-CV-00053 |
| VERSUS | JUDGE HICKS |
| ERNEST MALVEAUX, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending are defendant Ernest Malveaux's Rule 12(b)(6) motion to dismiss for failure to state a claim (Rec. Doc. 10) and plaintiff Charell R. James's motion to remand (Rec. Doc. 15). The motion to remand is opposed, but no opposition to the motion to dismiss was filed. Additionally, this Court raised the issue of subject-matter jurisdiction in a *sua sponte* order (Rec. Doc. 12). Because the issues presented are so tightly interwoven, both pending motions and the court's subject-matter jurisdiction inquiry will be considered and resolved together. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court finds that Ernest Malveaux was improperly joined as a defendant in this lawsuit; finds that the claims asserted against him should be dismissed with prejudice; finds that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 when Mr. Malveaux's citizenship is disregarded; recommends that the motion to dismiss (Rec. Doc. 10) be denied as moot; and recommends that the motion to remand (Rec. Doc. 15) be denied.

## BACKGROUND

This lawsuit originated in the 27th Judicial District Court, St. Landry Parish, Louisiana, when the plaintiff, Charell R. James, filed a petition for damages on June 7, 2016. In her petition, Ms. James sued her former coworker Ernest Malveaux, her former employer Lowe's Home Centers, LLC, and Lowe's insurer. She alleged that, while on the job, she was subjected to sexual harassment, intentional infliction of emotional distress, invasion of privacy, negligent infliction of emotional distress, and violation of La. R.S. 23:303, Louisiana's statute prohibiting discrimination in employment, all due to Mr. Malveaux's actions while he was in the course and scope of his employment with Lowe's. Lowe's removed the action, alleging that the court has subject-matter jurisdiction under 28 U.S.C. § 1332. Lowe's alleged that the amount in controversy exceeds the jurisdictional minimum. Lowe's also alleged that the parties are diverse in citizenship when Mr. Malveaux's citizenship is disregarded because he was improperly joined.

Mr. Malveaux then filed a motion seeking dismissal of the claims asserted against him, under Fed. R. Civ. P. 12(b)(6), alleging that the plaintiff's petition fails to state a valid claim against him. This Court raised the issue of subject-matter jurisdiction *sua sponte* and advised that it would not rule on the motion to dismiss

until that issue was decided since "[w]ithout jurisdiction the court cannot proceed at all in any cause."[1] The plaintiff then filed a motion to remand.

In the removal notice, in the motion to dismiss, and in response to the motion to remand, Lowe's and Mr. Malveaux argued that the plaintiff has no reasonable possibility of recovery against Mr. Malveaux and he, consequently, was improperly joined as a defendant in the lawsuit.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[3] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[4] A suit is presumed to lie

---

[1] *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998), quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). See, also, e.g., *Williams v. Liberty Mutual Ins. Co.*, No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000); *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (holding that because the district court lacked subject matter jurisdiction, it did not err in denying other pending motions as moot).

[2] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[3] 28 U.S.C. § 1331.

[4] 28 U.S.C. § 1332.

outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[5] Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[6] The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[7] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[8] When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal jurisdiction exists.[9] Accordingly, Lowe's has the burden of establishing that the court has jurisdiction over this matter.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332

---

[5] *Howery v. Allstate*, 243 F.3d at 916.

[6] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[7] *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[8] *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[9] *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

are satisfied."[10] Thus, the removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship.[11] In this case, the removing defendant contends that these criteria are satisfied when the citizenship of an allegedly improperly joined defendant is disregarded, while the plaintiff argues that the removing defendants have not proven that diversity jurisdiction exists.

### A. THE AMOUNT IN CONTROVERSY

The amount in controversy is the sum claimed in the plaintiff's complaint if the claim was apparently made in good faith.[12] In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[13] Therefore, the original petition filed in this lawsuit does not request recovery of a specific amount. To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[14]

---

[10] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[11] 28 U.S.C. § 1332.

[12] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[13] Louisiana Code of Civil Procedure Article 893(A)(1). See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

[14] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

When the complaint does not state a specific amount of damages, as in this case, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[15] This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[16] "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[17] Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[18] Any

---

[15] *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[16] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[17] *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[18] *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

doubts as to the propriety of removal should be construed strictly in favor of remand.[19]

This Court previously found that the amount in controversy is not apparent on the face of the plaintiff's petition and ordered Lowe's to submit evidence in that regard. (Rec. Doc. 12). Along with its response to the briefing order, Lowe's presented evidence establishing that the amount in controversy exceeds $75,000.

In her petition, the plaintiff seeks to recover, among other things, back pay and front pay. Lowe's presented evidence that the plaintiff was earning $23,940 per year when she worked at Lowe's.[20] "When calculating back pay to determine whether the amount in controversy exceeds the jurisdictional threshold, courts include the compensation allegedly lost up until the anticipated trial date."[21] In this case, the plaintiff last worked at Lowe's on April 22, 2016[22] but no trial date has yet been set. Almost a year has already elapsed since the plaintiff stopped working, and it is unlikely that a trial will be held for several more months. One year of back pay would be valued at $23,940 and two years of back pay would be valued at $47,880.

---

[19] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

[20] Rec. Doc. 21.

[21] *Richard v. Time Warner Cable Media, Inc.*, 960 F.Supp.2d 659, 661 (N.D. Tex. 2013).

[22] Rec. Doc. 21.

Therefore, it would be reasonable to value the plaintiff's back pay claim at $24,000 to $40,000.[23]

Front pay is a remedy for the post-judgment effects of discrimination and is intended to compensate a plaintiff for lost future wages and benefits.[24] It is compensation for the plaintiff's lost income from the date of judgment to the date the plaintiff obtains the position he would have occupied but for the discrimination.[25] Louisiana courts have awarded front pay for time periods from eighteen months to five years.[26] Lowe's suggested using a three-year period since the plaintiff worked for Lowe's for approximately three years before she stopped working as a result of the alleged harassment. This Court finds that suggestion to be reasonable, which would yield a front pay claim valued at over $70,000. By adding the value of the plaintiff's back pay claim to the value of the front pay claim, Lowe's has established that the reasonable, good faith value of the amount in controversy exceeds $75,000. The value of the plaintiff's other claims need not be considered.

---

[23]   One year of front pay would be valued at $23,940 and two years of front pay would be valued at $47,880.

[24]   *Overman v. City of East Baton Rouge*, 132 F.Supp.3d 753, 761 (M.D. La. 2015).

[25]   *Overman v. City of East Baton Rouge*, 132 F.Supp.3d at 761.

[26]   See *Shaw v. Wal-Mart, LLC*, No. 11-539, 2011 WL 1831776, at *2 (E.D. La. May 12, 2011).

## B.    DIVERSITY OF CITIZENSHIP?

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[27] The plaintiff's petition alleged that the plaintiff and defendant Mr. Malveaux are both residents of the state of Louisiana. The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[28] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[29] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[30] No information was provided by any party suggesting that the plaintiff and Mr. Malveaux are domiciled in any state other than Louisiana. For that reason, this Court accepts that both of them are Louisiana citizens.

The petition named Lowe's of Louisiana, Inc. d/b/a Lowe's Home Improvement as a defendant. In the removal notice, however, Lowe's indicated that the proper defendant is Lowe's Home Centers, LLC. A limited liability company is

---

[27]    *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[28]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[29]    *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[30]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571.

a citizen of every state in which any member of the company is a citizen,[31] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[32] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[33] If any one of the members is not diverse, the company is not diverse. In the removal notice, Lowe's employed the appropriate analysis and established that it is a North Carolina citizen.

The final defendant named in the petition is XYZ Insurance Company. The citizenship of a defendant sued under a fictitious name is disregarded in the diversity calculus.[34] Therefore, the citizenship of this party need not be considered.

Based on this information, the parties are not completely diverse because the plaintiff and Mr. Malveaux are both Louisiana citizens. Lowe's contends, however, that Mr. Malveaux's citizenship may be disregarded because he was improperly joined as a defendant in the lawsuit.

---

[31]  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[32]  *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[33]  See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes).

[34]  28 U.S.C. § 1441(b).

### C.     IMPROPER JOINDER OF MR. MALVEAUX

To establish improper joinder, Lowe's must prove either actual fraud in the pleading of jurisdictional facts, or the plaintiff's inability to establish a cause of action against the non-diverse party in state court.[35] Here, there is no allegation of actual fraud. Therefore, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[36]

A defendant who contends that a non-diverse party is improperly joined has a heavy burden of proof.[37] The court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.[38] The Fifth Circuit recently held that the sufficiency of a plaintiff's state-court petition

---

[35]     *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

[36]     *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d at 648).

[37]     *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

[38]     *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

-11-

for purposes of the improper joinder analysis is measured under federal court pleading standards.[39] Thus, the analysis used to determine whether a defendant is improperly joined is the same as that used to determine whether a claim has been stated under Fed. R. Civ. P. 12(b)(6). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[40]

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[41] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[42] "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[43] As part of this analysis, the court must proceed in two steps. First, the court must separate legal conclusions from well-pled facts.[44] Second, the court must review the well-pled

---

[39] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[40] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573.

[41] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[43] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

[44] *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

factual allegations, assume them to be true, and then determine whether they "plausibly give rise to an entitlement of relief."[45] "[A] single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[46]

The plaintiff asserted four claims against Mr. Malveaux: (1) violation of La. R.S. 23:303; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; and (4) invasion of privacy. Each must be reviewed under the applicable standard.

This Court finds that the plaintiff has no reasonable possibility of recovery against Mr. Malveaux for his alleged violation of the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq*. This statute permits a person to sue her employer for workplace discrimination.[47] It generally defines the word "employer" to include persons or entities having twenty or more employees in the state.[48] The plaintiff alleged that Mr. Malveaux was her manager or her supervisor, but she has not alleged that he was her employer. In analogous situations, Louisiana courts have

---

[45] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[46] *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

[47] La. R.S. 23:303(A).

[48] La. R.S. 23:302(2).

held that individual supervisors do not meet the statute's definition of the word "employer."[49] Because the plaintiff has not established that Mr. Malveaux was her employer, the plaintiff has no reasonable possibility of recovery against Mr. Malveaux on this claim.

Although the plaintiff asserted a claim against Mr. Malveaux for negligent infliction of emotional distress, there is no such independent tort under Louisiana law.[50] Therefore, the plaintiff has no reasonable possibility of recovery against Mr. Malveaux on this claim.

The plaintiff also asserted a claim for intentional infliction of emotional distress. To recover on this claim "a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially

---

[49] See, e.g., *King v. Phelps Dunbar, L.L.P.*, 98-1805 (La. 06/04/99), 743 So.2d 181, 185 (holding that individual partners of a law firm were not employers under the predecessor statute with a similar definition of the word employer); *Hammond v. Medical Arts Group, Inc.*, 574 So.2d 521, 523 (La. App. 3 Cir. 1991) (same with regard to individual partner in a medical practice); *Caletka v. State Farm Mut. Auto. Ins. Co.*, 936 F.Supp. 380, 382 (W.D. La. 1996) (concluding that a different Louisiana statute "does not permit supervisory employees to be held individually liable for employment discrimination"). In *Caletka*, 936 F.Supp. at 381-82, the court also noted that Louisiana courts have held that federal court interpretations of federal employment discrimination statutes may be used to construe state employment discrimination laws, citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994), which held that an individual must meet the definition of the word employer used in Title VII in order to be individually liable.

[50] *Moresi v. Dept. of Wildlife & Fisheries*, 567 So.2d 1081, 1096 (La. 1990).

certain to result from his conduct."[51]  The defendants argued that the plaintiff has not alleged activities that are outrageous enough to support a claim of this type.  This Court agrees.  Although the plaintiff expressly alleged that the conduct was despicable, extreme, and outrageous, and alleged that Mr. Malveaux "desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct," those allegations are conclusory and lacking in factual foundation.  Conduct in the workplace is rarely be so severe that it will rise to the level of actionable "outrageous conduct."[52]  In the petition, the plaintiff alleged only that Mr. Malveaux called her on the work phone, asked her personal questions, and made comments such as "what's up my baby" and "tell me how much you love me."  This Court finds that the alleged conduct is not sufficiently outrageous to support a claim for intentional infliction of emotional distress.  While the plaintiff alleged that the conduct set forth in her petition were "indicative" and "represent" his behavior but "are by no means each and every act" that she complains of, she did not meet her burden of alleging sufficient factual detail

---

[51] *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). See, also, *Nicholas v. Allstate Ins. Co.*, 1999-2522 (La. 08/31/00), 765 So.2d 1017, 1022; *LaBove v. Raftery*, 2000-1394 (La. 11/28/01), 802 So.2d 566, 577.

[52] *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 514 (5th Cir. 1994).

to support a plausible claim. Therefore, the plaintiff has no reasonable possibility of recovery against Mr. Malveaux on this claim.

The plaintiff's final claim is for invasion of privacy. The defendants argued that there are only four types of invasion of privacy claims recognized by Louisiana law: (1) appropriating an individual's name or likeness, (2) intruding on physical solitude or seclusion, (3) giving publicity that places a person in a false light before the public, and (4) publicly disclosing embarrassing private facts.[53] The defendants argued that the plaintiff's petition does not articulate any of these four types of claims, and this Court agrees. The facts alleged in the complaint are insufficient to establish privacy-related claims falling into any of the four actionable categories. Therefore, the plaintiff has no reasonable possibility of recovery against Mr. Malveaux on her invasion of privacy claim.

Accordingly, this Court finds that Lowe's, the removing party, has met its burden of showing that Mr. Malveaux was improperly joined as a defendant in this action.

Having found that the plaintiff has no reasonable possibility of recovery against the non-diverse defendant, this Court further recommends that summary judgment be

---

[53] *Tate v. Women's Hospital Foundation*, 2010-C-0425 (La. 01/19/11), 56 So.3d 194, 197; *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d 1386 (La. 1979).

entered *sua sponte* in favor of the Mr. Malveaux and against the plaintiff, based on the Fifth Circuit's statement that "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery."[54] Having decided that summary judgment in favor of Mr. Malveaux is warranted, this Court further recommends that his motion seeking dismissal of the claims asserted against him be denied as moot.

## CONCLUSION

Based on the foregoing analysis, this Court finds (1) that Mr. Malveaux was improperly joined as a defendant in this lawsuit; (2) that when Mr. Malveaux's citizenship is disregarded, the parties are diverse in citizenship; and (3) that the amount in controversy exceeds the jurisdictional threshold. Therefore, this Court recommends that the claims against Mr. Malveaux be dismissed with prejudice; that the plaintiff's motion to remand (Rec. Doc. 15) be denied; and that Mr. Malveaux's motion to dismiss (Rec. Doc. 10) be denied as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

---

[54] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990).

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 24th day of March 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE